IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THEODORE JAMES PRIEST,
    Plaintiff,

vs.                            Case No. 3:07cv228/RV/MD

DEPARTMENT OF CORRECTIONS, et al.,
    Defendants.

---

ORDER and
REPORT AND RECOMMENDATION

    Plaintiff, a Florida prisoner proceeding *pro se* and *in forma pauperis* (doc. 6) has paid the initial partial filing, and this cause is before the court upon his civil rights complaint (doc. 1) filed under 42 U.S.C. §1983. Plaintiff has also filed a motion to amend/correct the address of one of the defendants (doc. 10).

    Because plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In determining whether a complaint should be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, Rule 12(b)(6) standards apply, since the language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1487 (11th Cir. 1997). That standard requires the court to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim

to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

  Plaintiff is currently incarcerated at Tomoka Work Camp. He was incarcerated at Walton Correctional Institution at the time of the events giving rise to his complaint.  Named as defendants are the Florida Department of Corrections ("DOC") and Unlimited Pathway Inc.  (Doc. 1, pp. 1-2).  Plaintiff, who is of the Islamic faith, claims that his rights under the First Amendment and the Religious Land Use of Institutionalized Persons Act ("RLUIPA") were violated when he was placed in a substance abuse treatment program modeled after the twelve steps of Alcoholics Anonymous and Narcotics Anonymous, which are founded in Christianity.  Plaintiff initially participated the program after being advised that if he did not successfully complete it, he would receive disciplinary action and be placed in confinement. Thereafter, he twice complained to his counselor that the program's promotion of Christian beliefs conflicted with his religious beliefs, but was told to "stick it out" and "start talking about Allah."  Plaintiff was never told that an alternative program existed.  On June 26, 2006 plaintiff was "wrongfully" removed from the program.  As a result of his failure to complete it he received a higher custody classification, was denied transfer to an institution closer to his family, and excluded from consideration for community custody or participation in a community work release program. (Doc. 1, p. 7).  Dissatisfied with these consequences, plaintiff re-enrolled in the program and completed it on January 10, 2007.  (*Id.*, p. 8).  Plaintiff states that defendants' forcing him "endure blasphemy" was "extremely offensive."  As relief,

he seeks $10 million in compensatory damages and $10 million in punitive damages against each defendant.  (*Id.*, pp. 9-10).

Plaintiff's claims for monetary damages for mental anguish he suffered as a result of defendants' alleged conduct is prohibited by 42 U.S.C. § 1997e(e). Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  As the Eleventh Circuit recently explained:  "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody."  *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).  The Eleventh Circuit has decided that "the phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier*, 314 F.3d at 532 (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000)). This § 1983 action brought by plaintiff is a "Federal civil action" under this definition. Further, it is undisputed that plaintiff filed his complaint while imprisoned.  (Doc. 1, p. 2).  Plaintiff's complaint alleges only mental and emotional injuries, so as to satisfy the third predicate for the application of § 1997e(e).  Finally, the harm complained of occurred while plaintiff was in custody, so as to satisfy the fourth predicate for the application of § 1997e(e).

Based on the foregoing, plaintiff is prohibited under the PLRA from bringing his damages claims while imprisoned unless he alleges physical injury.[1]  Further, he must allege more than a *de minimis* physical injury.  *Harris v. Garner*, 190 F.3d 1279, 1286-87 (11th Cir. 1999), *reh'g granted, opinion vacated,* 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208)) ("We therefore join the Fifth

---

[1]The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here.  *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages).  Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only compensatory and punitive damages.  *See, e.g., Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages).

**Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in *Hudson* [*v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than *de minimis*, but need not be significant."); *Osterback v. Ingram*, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd.* 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than *de minimis* physical injury). In the instant complaint, plaintiff neither claims nor alleges facts to remotely suggest a physical injury arising from defendants' conduct. Consequently, he is presently prohibited by § 1997e(e) from bringing his damages claims.[2]**

**Even if not barred by § 1997e(e), plaintiff's claims are due to be dismissed for his failure to exhaust administrative remedies. Title 42 U.S.C. § 1997e provides in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[3] Exhaustion of all available**

---

[2]Even if not barred by § 1997e(e), plaintiff's damages claims against the DOC are due to be dismissed on the basis of Eleventh Amendment immunity. It is well settled that a plaintiff may not bring a § 1983 action for monetary damages against a State, State agency, or State officials in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989); *Miller v. King*, 384 F.3d 1248, 1259 (11th Cir. 2004). Furthermore, absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a damages suit brought by a private individual against a State in federal court. *Federal Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Dep't of Heath and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986).

[3]The purpose of this exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). In *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

 (1) to avoid premature interruption of the administrative process;
 (2) to let the agency develop the necessary factual background upon which decisions should be based;
 (3) to permit the agency to exercise its discretion or apply its expertise;

administrative remedies is mandatory, and is a pre-condition to suit.  *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see also Porter v. Nussle*,  534 U.S. 516, 524-25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").  The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter v. Nussle*,  534 U.S. at 524, 122 S.Ct. 983.  Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both.  *Booth, supra* at 734, 121 S.Ct. at 1825. The requirement is not subject to either waiver by a court or futility or inadequacy exceptions.  *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). Moreover, as the United States Supreme Court recently held, the PLRA requires "proper exhaustion," so that the agency addresses the issues on the merits. *Woodford v. Ngo*, --- U.S. ---, 126 S.Ct. 2378, 2387-88, 165 L.Ed.2d 368 (2006); *see also* 126 S.Ct. at 2388 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.").

Generally, the DOC provides a three-level administrative grievance procedure for prisoner complaints.  This procedure includes an informal grievance, a formal

---

(4) to improve the efficiency of the administrative process;
(5) to conserve scarce judicial resources;
(6) to give the agency a chance to discover and correct its own errors; and
(7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Med. Servs., Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)).

grievance and an appeal to the Office of the Secretary.  See FLA. ADMIN. CODE rr. 33-103.005 to 103.007 (2003).  In the instant case, plaintiff admits on the complaint form that he did not file any grievances with regard to his placement in the substance abuse program, explaining, "At [the] time I did not know that I could grieve the placement into program."  (Doc. 1, p. 3).  Thus, taking the allegations of the complaint as true and construing them in the light most favorable to plaintiff, they establish that plaintiff failed to exhaust his administrative remedies with respect to his claims.

Accordingly, it is ORDERED:

Plaintiff's motion to amend/correct the address of defendant Unlimited Path Inc. (doc. 10) is GRANTED to the extent that the address correction is noted.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED without prejudice under 28 U.S.C. §1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida, this 30th day of August, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).